[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#102)
The Plaintiffs, Helen Toscano and Eugene Toscano, allege that Helen Toscano was walking on Farmington Canal Heritage Trail (Heritage Trail) approaching Old Canal Way (Canal Way) when she was caused to fall. The First and Second Count of the Plaintiffs' seven-count complaint allege negligence against the town of Simsbury and various town officials, respectively, pursuant to General Statutes § 52-557n. The Fourth Count alleges a public nuisance. The Fifth and Sixth Counts allege claims on behalf of Eugene Toscano for bystander emotional distress. The Third and Seventh Counts allege that the town of Simsbury is required to indemnify the named town officials.
The Defendants filed a motion to strike the complaint on the ground that the action is barred by the exclusivity of General Statutes §13a-149, the highway defect statute. Alternatively, the Defendants seek to strike the bystander emotional distress claims on the ground that CT Page 14662 Eugene Toscano did not contemporaneously witness the accident.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). In ruling on a motion to strike the court must "construe the complaint in the maimer most favorable to sustaining its legal sufficiency." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
The Connecticut Supreme Court has "construe[d] 52-557n to provide that an action under the highway defect statute, [General Statutes §]13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge. (Internal quotation marks omitted.) Sanzone v. Board of Police Commissioners,219 Conn. 179, 192, 592 A.2d 912 (1991). "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute, is a question of law which may determined on a motion to strike." Id., 201.
If, therefore, either the Heritage Trail or Canal Way is subject to the requirements of General Statutes § 13a-149, then the motion to strike must be granted as the highway defect remedy is the exclusive remedy available to the Plaintiffs. The Plaintiffs' negligence allegations purport to state a claim under § 52-557. The only allegation made with respect to Canal Way is that the Heritage Trail "intersects Old Canal Way." See, e.g., Complaint, First Count, ¶ 3. The allegations with respect to the Heritage Trail indicate only that it is a paved bituminous pedestrian pathway leased to the town of Simsbury that intersects with Old Canal Way. See, e.g., Complaint, First Count, ¶¶ 3, 4, 5. Construing the allegations in favor of the Plaintiffs, the allegations of the complaint do not provide a sufficient factual basis for the court to make a specific determination of whether § 13a-149 is applicable at this time. The Defendants must await evidence adduced through discovery or at trial. Accordingly, the motion to strike the First, Second, Third and Fourth Counts is denied.
Eugene Toscano seeks to recover for emotional distress resulting from the injury to his wife in the Fifth and Sixth Counts. The Defendants seek to strike these counts because the allegations are insufficient to state CT Page 14663 a claim for bystander emotional distress as outlined in Clohessy v.Bachelor, 237 Conn. 31, 52, 675 A.2d 852 (1996).
In actions to recover for bystander emotional distress, the Connecticut Supreme Court has recognized that, "the bystander's emotional injury must be caused by the contemporaneous sensory perception of the event or conduct that causes the injury . . . or by viewing the victim immediately after the injury causing event if no material change has occurred with respect to the victim's location and condition." (Citations omitted.) Id., 52.
The Plaintiffs pleaded in each of the emotional distress counts that on July 14, 1999 she fell at 8:30 a.m. and that her husband witnessed the resulting injury to his wife at 9:00 a.m. after a friend had driven her home. See, e.g., Sixth Count, ¶¶ 3, 8, 9. These allegations do not support the claim that Eugene Toscano's emotional distress wife's injury was "caused by the contemporaneous sensory perception of the event or conduct that causes the injury . . . or by viewing the victim immediately after the injury causing event if no material change has occurred with respect to the victim's location and condition." (Citations omitted.)Clohessy v. Bachelor, supra, 237 Conn. 52. Accordingly, the motion to strike the Fifth and Sixth Counts is granted.
The Seventh Count, which alleges that the town of Simsbury is required to indemnify the named town officials, is also stricken as it is derivative of the bystander emotional distress counts.
The motion to strike the First, Second, Third and Fourth Counts is denied. The motion to strike the Fifth, Sixth and Seventh Counts ought to be and hereby is granted. It is so ordered.
David L. Fineberg Superior Court Judge